IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEONARD CARMEN RACKLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-131-HE |
| | ) | |
| JIM KEITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss the petition and a brief in support ("Respondent's Brief"), alleging the petition is untimely pursuant to 28 U.S.C. § 2244(d). Petitioner has filed a response ("Petitioner's Response"), and thus, the matter is at issue. For the reasons set forth hereafter, it is recommended that Respondent's motion be granted and the petition dismissed as untimely.

## I.   Background

Petitioner brings this challenge to his conviction after a jury trial for attempted grand larceny in Case No. CF-2006-75, District Court of Custer County, for which he was sentenced to forty years in prison. Petition, p. 1; Respondent's Brief, Ex. 1 (Judgment and Sentence). The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence on April 29, 2008. *Id.*, Ex. 2 (OCCA opinion).

Petitioner raises six grounds for habeas relief: 1) insufficient evidence, 2) excessive sentence, 3) ineffective trial counsel, 4) improper search and seizure, 5) ineffective appellate counsel for failure to raise ineffective trial counsel, and 6) ineffective appellate counsel for raising only two grounds on appeal.[1]   Respondent contends that the Petition should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

## II.   AEDPA Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Although the undersigned recommends dismissal of this Petition as time-barred, it is also noted that even if the Petition were timely, because the Petition includes both exhausted and unexhausted claims, it would be subject to dismissal as a mixed petition. *See Pliler v. Ford*, 542 U.S. 225, 227 (2004)(quotation omitted).  On direct appeal Petitioner raised only two claims - ineffective assistance of trial counsel and excessive sentence which claims are raised in Grounds One and Two herein.  The remaining claims - Grounds Three through Six - were raised for the first time in Petitioner's first application for post-conviction relief.  As discussed herein, that application was denied by the state district court and Petitioner's appeal to the OCCA was dismissed as untimely, leaving those grounds unexhausted.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A) unless a petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B),(C), or (D).  *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).  In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time a petitioner spent seeking "post-conviction or other collateral review with respect to the pertinent judgment or claim" in state court.  *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

The record shows that Petitioner's conviction became final for AEDPA limitations purposes on July 28, 2008, when the ninety-day period for filing a petition for *certiorari* with the United States Supreme Court expired.  *See* 28 U.S.C. § 2101; *see also* Sup. Ct. R. 13; *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  The one-year limitation period in § 2244(d)(1)(A) began to run the next day, on July 29, 2008, and expired on July 29, 2009, absent any tolling.  *See Haws v. Jorgensen*, 219 Fed.Appx. 781, 783 (10th Cir. 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted) (citing *United States v. Hurst,* 322 F.3d 1256, 1260-61 (10th Cir. 2003)).  The instant petition, filed at the earliest on January 6, 2010,[2] was filed over three months after the § 2244(d)(1)(A) limitations period

---

[2]The petition is deemed "filed" when Petitioner gave it to prison officials for mailing.  *See* (continued...)

expired.  Thus, absent statutory or equitable tolling, it is untimely.

Statutory Tolling

The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending,"  28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).  On March 23, 2009, Petitioner filed his first application for post-conviction relief, which was denied by the trial court on April 16, 2009. Respondent's Brief, Ex. 4 (Order denying relief).  Although Petitioner filed an appeal of the denial of this post-conviction application on May 22, 2009, the OCCA dismissed Petitioner's appeal as untimely filed, finding that the petition in error was not filed within the time allowed and that pursuant to Oklahoma law the OCCA did not have jurisdiction to review such appeal.  *Id.*, Ex. 6.  Respondent acknowledges that Petitioner is entitled to tolling of the limitation period during the twenty-four days his first application for post-conviction relief was pending between the March 23 filing and the April 16 denial by the state district court. Respondent's Brief, Ex. 6.  Respondent asserts that the appeal was not "properly filed" under Oklahoma law, and therefore, Petitioner is not entitled to tolling "for the time his post-conviction appeal was pending before the OCCA."  *Id.*, p. 5.  Respondent recognizes that Petitioner is also entitled to "thirty days of tolling from April 16, 2009 to May 16, 2009," because he could have filed his post-conviction appeal during that time. *Id.* (citing *Gibson*

---

[2](…continued)
*Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007).  Although the petition bears a "filed" stamp of January 11, 2010, Petitioner signed the Petition on January 6, 2010.  Petition, last page. The undersigned has therefore assumed a filing date of January 6, 2010.

*v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000)).  Thus, Respondent asserts that Petitioner is entitled to have the limitations period tolled for a total of fifty-four days.  *Id.*  Respondent calculates that "[g]iving the Petitioner the benefit of fifty-four days of tolling from the time the OCCA handed down its August 11, 2009 Order holding that the Petitioner's appeal was untimely**,** the Petitioner was required to file his Petition for Writ of Habeas Corpus no later than October 4, 2009."[3]  *Id.*  Respondent asserts finally that Petitioner's second Application for Post-Conviction Relief, which was filed on December 31, 2009, after the limitations period had run, has no tolling effect on the limitations period.  *Id.*

The undersigned agrees with Respondent that Petitioner is entitled to approximately 54 days of statutory tolling for the time his first post-conviction application was pending before the district court; however, the undersigned finds application of the 54 days extends the limitation period from July 29, 2009, to September 20, 2009, and because that day fell on a Sunday, the limitations period for filing a habeas petition would have ended on the following day, September 21, 2009.  Notwithstanding this extension, the Petition, filed on January 6, 2010, would still be untimely.

In his response to the motion to dismiss, Petitioner states that his second post-conviction application, filed on December 30, 2009, is still pending in the district court for Custer County, and the undersigned has confirmed that the application remains pending as of the date of this Report and Recommendation.  *See* Oklahoma District Court Records,

---

[3]Respondent offers no explanation for applying the tolling from the date of the OCCA's order.

Custer County, *State v. Rackley*, Case No. CF-2006-75, available at http://www.odcr.com (accessed March 26, 2010). It appears that in this second application, Petitioner is requesting an appeal out of time to challenge the district court's denial of his first post-conviction application based on his claim that he was denied such appeal through no fault of his own.[4] Petitioner's Response, p. 3. Petitioner argues that the limitation period for filing this habeas action should be tolled while this second application for post-conviction relief is pending. *Id.* This argument is without merit.

The tolling provisions of §2244(d)(2) do not apply where the action for post-conviction relief is not commenced within the one-year period of limitation. *See e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year grace period); *Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, at *1 (10th Cir. Sept. 19, 2000) (unpublished op.) (because petitioner's state petition for post-conviction relief was not filed until §2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under §2244(d)(2)). Contrary to Petitioner's assertion, no statutory tolling occurred as a result of his second application for post-conviction relief because that application was not filed in the state district court until December 31, 2009, several months

---

[4]This request is apparently based on the same contention raised by Petitioner herein that the facility trust fund officer failed to process his pauper's affidavit in a timely manner, causing the filing of his appeal to be delayed. Petitioner's Response, p. 1. Thus, he asserts that because he has no control over how the officers process and deliver his affidavit and handle his mail, he was denied an appeal through no fault of his own. *Id.,* pp. 1-2.

after the expiration of the one-year limitation period under § 2244(d)(1)(A).  Accordingly, unless Petitioner demonstrates that he is entitled to equitable tolling, the instant petition is untimely under the one-year limitation period of § 2244(d)(1)(A).

Equitable Tolling

Petitioner does not allege that he is entitled to equitable tolling of the one year limitation period.  The Tenth Circuit has held that the limitations period may be subject to equitable tolling, but only in rare and exceptional circumstances.  *Burger v. Scott*, 317 F. 3d 1133, 1141 (10th Cir. 2003).[5]  Equitable tolling may be appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."  *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato,* 549 U.S. 384, 396 (2007)).  In any event, equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not

___

[5]In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), the Supreme Court assumed *arguendo* that equitable tolling applies to time limits for filing federal habeas petitions by state prisoners.  In doing so, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing.

apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Yang*, 525 F.3d at 928 ("'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (citation omitted); *see also Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Petitioner does not allege that he is legally or factually innocent of attempted grand larceny. And even if Petitioner could show that "extraordinary circumstances" prevented the filing of a timely habeas petition, he fails to demonstrate that he has diligently pursued his federal claims.[6] *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger*, 317 F.3d at 1141. By the time Petitioner sought post-conviction relief, the one-year limitation period had already run nearly eight months. Petitioner provides no facts to demonstrate that he was diligently pursuing his state court remedies to exhaust his federal habeas claims during this period. Further, nothing in the record contain an explanation for his lack of diligence. For these reasons, the undersigned finds that equitable tolling principles should not be applied.

Because Petitioner is not entitled to statutory or equitable tolling, the applicable

---

[6]To the extent Petitioner's Response could be construed to allege that the prison's failure to submit his pauper's affidavit timely in connection with the appeal of his first post-conviction application constituted "extraordinary circumstances," such circumstances affected only his state proceedings.

limitation period for filing this habeas action expired on or about December 30, 2004, and Petitioner's federal habeas petition filed on February 3, 2009, is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 12] be granted and the petition for a writ of habeas corpus be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 19th day of April, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of March, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE