# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEONARD CARMEN RACKLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-10-0131-HE |
| | ) | |
| JIM KEITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter was referred to Magistrate Judge Bana Roberts for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss, alleging the petition is untimely pursuant to 28 U.S.C. § 2244(d). The Magistrate Judge recommends that the respondent's motion be granted. Because petitioner has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to provide that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." For petitioner, that period began to accrue when his conviction became "final" for AEDPA limitations purposes on July 28, 2008, when the ninety-day period for filing a petition for certiorari with the Untied States Supreme Court expired. § 2244(d)(1)(A).

Petitioner's limitations period is statutorily tolled for the "time during which a properly filed application for State post-conviction relief . . . is pending." § 2244(d)(2).

Petitioner is entitled to the tolling of his limitations period for 24 days for the period his post-conviction application was pending between its filing on March 23, 2009, and its denial by the state district court on April 16, 2009. Petitioner is further entitled to 30 days tolling for the period between April 16 and May 16, 2009, during which time he had the right to file a post-conviction appeal. Although petitioner filed an appeal on May 22, 2009, he is not entitled to tolling based on that appeal because it was filed out of time. Thus, in total, petitioner's limitations period is tolled 54 days. One year and 54 days from July 22, 2008 — the day on which the period began to accrue — is September 20, 2009, which is a Sunday, thus petitioner's limitations period for filing a habeas petition fell on September 21, 2009. The present petition was "filed" on January 6, 2010, when petitioner gave it to prison officials for mailing, well beyond the expiration of his limitations period. In light of this, the Magistrate Judge recommends that the petition be dismissed as time-barred.

Petitioner filed a second post-conviction application on December 30, 2009, which is currently pending. He argues that his limitations period should also be tolled while that application is pending. However, the § 2244(d)(2) tolling provision does not apply where post-conviction relief is not commenced within the one-year period of limitation. Fisher v. Gibson, 262 F.3d 1135, 1142–43(10th Cir. 2001).

Petitioner has not alleged that he is entitled to equitable tolling, nor do the circumstances cited in his Objection involve the sort of "rare and exceptional circumstances" necessary for the application of that doctrine. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

For substantially the same reasons as stated by the Magistrate Judge, the court concludes that the petitioner's Petition for Writ of Habeas Corpus should be dismissed. Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. No. 15], **GRANTS** respondent's motion to dismiss [Doc. No. 12], and **DISMISSES** the petition.

**IT IS SO ORDERED**.

Dated this 18th day of May, 2010.

*[signature]*
JOE HEATON
UNITED STATES DISTRICT JUDGE